IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDALL DOUGLAS SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-286-N-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Randall Douglas Smith, a Texas prisoner, has filed an application for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below,

the application should be denied.

**Background**

In October 2011, Petitioner entered an open plea of guilty to first-degree murder,

was found guilty of the offense, and was sentenced to fifty years' imprisonment. *See*

*State v. Smith*, No. 26259 (354th Judicial Dist. Ct., Hunt Cnty., Tex.).  The Texarkana

Court of Appeals affirmed the trial court's judgment. *See Smith v. State*, No. 06-11-

00250-CR, 2012 WL 2629230 (Tex. App. – Texarkana July 6, 2012). And the Texas

Court of Criminal Appeals (the "TCCA") refused Petitioner's petition for discretionary

review. *See Smith v. State*, PD-0944-12 (Tex. Crim. App. Nov. 21, 2012).

The TCCA also denied, without issuing a written order, Petitioner's state

application for a writ of habeas corpus. *See Ex parte Smith*, WR-80,121-01 (Tex. Crim. App. Nov. 27, 2013).

Petitioner's federal habeas application was timely filed no later than January 24, 2014. The four grounds for relief Petitioner raises in his Section 2254 application all concern, to a large extent, his open plea of guilty. Those grounds are that: (1) he is actually innocent because there is no evidence that he had the requisite mental capacity; (2) his conviction is void because the record does not include evidence of his intent to commit first-degree murder; (3) the trial court abused its discretion in accepting his guilty plea because, at the time of his plea, he denied intentionally and knowingly killing the victim; and (4) he was denied effective assistance of counsel on direct appeal because counsel did not challenge the voluntariness of his guilty plea. *See* Dkt. No. 9 at 6-7.

**Legal Standards**

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The voluntariness of Petitioner's guilty plea was adjudicated on direct appeal. That state court proceeding is due the same deference under Section 2254(d) as a state

post-conviction proceeding. *See Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the TCCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)"); *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012) ("Because all of Campbell's claims regarding ineffective assistance were adjudicated on the merits by the Ohio state courts either during direct appeal or on post-conviction review, § 2254(d) governs our standard of review." (citation omitted)); *cf. Pugh v. Warden, La. State Penitentiary*, No. 11-cv-2184, 2015 WL 1508434, at *3 (W.D. La. Mar. 30, 2015) ("The State asserts a procedural bar defense to this claim, and it probably has merit. It is easier, however, to address the claim on the merits since it was adjudicated on the merits on direct appeal and, therefore, entitled to a deference under Section 2254(d).").

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the

state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court

explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

## Analysis

### I.   Ground One: Stand-Alone Actual Innocence

To the extent that Petitioner assets a stand-alone claim of actual innocence, *see* Dkt. No. 9 at 6, such a claim is itself not an independent ground for federal habeas corpus relief and should be denied, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (collecting cases); *see also Schlup v. Delo*, 513 U.S. 298, 314 (1995) (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

### II.   Grounds Two and Three: Sufficiency of the Evidence; Trial Court's Acceptance of the Guilty Plea

Petitioner's second and third grounds for relief turn on the voluntariness of his

open plea of guilty.

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n. 1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Petitioner's written plea admonishment [Dkt. No. 16-16 at 99-101] advised him of the charge against him and the range of punishment – 5 to 99 years' incarceration and an optional fine not to exceed $10,000.00. *See id.* at 99. The state court reviewed the consequences of the admonishment, including the charge and range of punishment; confirmed that Petitioner was pleading guilty because he was guilty and not due to promises or threats; and obtained Petitioner's acknowledgment that, by pleading

guilty, he was waiving his right to a jury trial and cross-examination of witnesses as to the issue of his guilt. *See* Dkt. No. 16-16 at 87-91 (further confirming that Petitioner was not under the influence of alcohol and was satisfied with his trial counsel's performance); *see also id.* at 91-97 (direct examination by counsel prior to the trial court's finding "that the plea was freely and voluntarily given," acceptance of the plea, and pronouncement of guilt).

These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

Furthermore, this Court has before it the Texarkana Court of Appeals prior adjudication as to the voluntariness of Petitioner's guilty plea. *See Smith*, 2012 WL 2629230, at *1. That court found that:

> Smith signed a judicial confession and stipulation of evidence that were admitted into evidence at the plea hearing. Smith stated at the hearing that he was satisfied with counsel's representation and further represented, both in writing and on the record, that he received the court's admonishments and was aware of the consequences of the plea. During the plea hearing, Smith specifically testified (1) that he had been provided sufficient time with counsel to go over the facts and admonishments in this case, (2) that he understood the paperwork he signed, (3) that he understood the punishment ranges for the offense, and (4) that he was entering a guilty plea to the charge in the indictments because he was guilty. Smith also stated at the hearing that he understood he was waiving his right to a jury trial, his right to cross-examine witnesses, and his right to present defenses to the charged offense. The trial court concluded, as do we, that Smith's guilty pleas were entered knowingly and voluntarily. We overrule this issue.

*Id.*

Petitioner has not overcome the strong presumption of verity that attached to his prior representations, and he has not shown that the prior adjudication of this issue is contrary to established federal law or unreasonable in light of the facts of his case.

Thus, because Petitioner's guilty plea was voluntary, he was waived any claim that his conviction is void due to insufficient evidence [Ground Two]. *See Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986) ("'No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea.' The *Jackson v. Virginia*, 443 U.S. 307 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983)) (citing *Kelley v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. 1981))); *see also Tristan v. Stephens*, No. 3:12-cv-2828-P-BK, 2013 WL 4561331, at *3 (N.D. Tex. Aug. 28, 2013) (further noting that "under Texas state law, a judicial confession is sufficient evidence of guilt in a felony criminal case in which a defendant enters a guilty plea" (citing *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009))); *Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *4 (N.D. Tex. Feb.17, 2010) ("[T]o the extent [Petitioner] complains ... that there was insufficient evidence to support his conviction, ... [a] matter[] unrelated to the voluntariness of his plea, the claim[ is] nonjurisdictional and [is] waived by the plea." (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989))).

As to Petitioner's claim that the trial court abused its discretion by accepting his guilty plea [Ground Three], he has not shown that the Texarkana Court of Appeals's prior adjudication – affirming the trial court's conclusion "that Smith's guilty pleas were entered knowingly and voluntarily," *Smith*, 2012 WL 2629230, at \*1 – is either inconsistent with a prior decision of the United States Supreme Court or objectively unreasonable, *see Harrington*, 562 U.S. at 98, 102; *Batchelor*, 682 F.3d at 405.

## III.    Ground Four: Ineffective Assistance of Appellate Counsel

Petitioner contends that his counsel on direct appeal was constitutionally ineffective for failing to raise the voluntariness of his guilty plea. *See* Dkt. No. 9 at 7.

The Court reviews Sixth Amendment claims concerning appellate counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984)" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))). Under *Strickland*, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Petitioner fails to prove either prong of *Strickland* as to this claim against his appellate counsel because, as discussed above, the voluntariness of Petitioner's guilty plea was raised on direct appeal in the state proceedings, and the Texarkana Court of Appeals affirmed the trial court's conclusion "that Smith's guilty pleas were entered knowingly and voluntarily." *Smith*, 2012 WL 2629230, at *1; *see also Harrington*, 562 U.S. at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)); *cf. Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) ("We conclude that Garza has not met his burden to show that the state habeas court's conclusion on this claim amounted to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." (citing 28 U.S.C. § 2254(d)(1)-(2))).

### Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: August 25, 2015

                          _____
                          DAVID L. HORAN
                          UNITED STATES MAGISTRATE JUDGE